DECISION AND JUDGMENT ENTRY
This case is before the court on appeal of the October 11, 2002 judgment of the Toledo Municipal Court, Small Claims Division, which granted judgment in favor of appellee, Kahlil Sayed, on appellant Duane Tillimon's breach of contract complaint. For the following reasons, we reverse the decision of the trial court.
On February 19, 2002, appellant filed a small claims complaint alleging that appellee failed to pay the sum of $983.50 owed on a land installment contract and $2,350 for work not completed under a repair contract.[1] It is undisputed that appellant failed to attach the relevant contracts to his complaint.
A trial was held before a magistrate on March 19, 2002. Appellant testified that appellee wished to purchase a house he owned on a land installment contract. Appellee did not have the money for a down payment, so the parties entered into a written contract whereby appellee would make certain repairs to the property and his wages would be applied to the down payment. The repair contract, signed by the parties on October 14, 1996, was on letterhead which read "TFC Property Management Company." The repair contract was admitted into evidence.
Appellant further testified that appellee defaulted on the land contract, also admitted into evidence, and agreed to deed the property back to appellant in reconciliation of the account. Thereafter, appellant conducted a "walk through" of the house and discovered that several of the agreed repairs had not been completed. Appellant testified that he sent appellee a letter outlining the amount owed which totaled just over $3,300. This sum included $983 owed for interest, taxes and insurance on the property, and $2,350 for the incomplete repair work.
Appellee argued that because appellant elected forfeiture of the property, such action was an exclusive remedy and appellant was barred from taking further action unless the property's condition had worsened prior to its reconveyance. Appellee then moved for a directed verdict.
Appellee testified that he and his girlfriend spent approximately 150 hours working on the house and expended approximately $1,400 for materials. During cross-examination, appellee admitted that he had no receipts to show how much he spent on the house and no documentation of the hours he worked. Appellee also admitted that the quitclaim deed, signed February 5, 1997, did not mention the cancellation of any of the debt owed to appellant. At the close of his case, appellee renewed his directed verdict motion and the matter was taken under advisement.
On July 10, 2002, the magistrate issued his findings of fact and conclusions of law. The magistrate found that, as to Count 2 of appellant's complaint, monies due and owing under the repair contract, because the contract had a company name at the top, appellant, pro se, was engaged in the unauthorized practice of law. The count was dismissed. As to Count 1, monies owed under the land installment contract, the magistrate dismissed the count because appellant failed to attach a copy of the contract to his complaint as required under Civ.R. 10(D).
Appellant filed objections to the magistrate's decision which were denied. Appellant then filed the instant appeal and raises the following assignment of error:
"The trial court erred to the substantial prejudice of plaintiff/appellant by entering judgment for defendant/appellee based upon an erroneous assumption and/or a minor procedural violation."
At the outset we note that the mere fact that the repair contract was signed on what appeared to be the letterhead of a corporation, does not conclusively establish that one of the parties was, indeed, a corporation. The issue was never raised prior to the magistrate's decision; appellant testified that he was before the court in his individual capacity; and the contract was signed "Duane J. Tillimon." Further, in appellant's objections to the magistrate's decision, appellant presented evidence that TFC Property Management Company was a registered trade name, not a corporation. Thus, we find that the trial court erred in dismissing Count 2 of appellant's complaint.
As to Count 1, Civ.R. 10(D) provides:
"When a claim or defense is founded on an account or other written instrument, a copy thereof must be attached to the pleading. If not so attached, the reason for the omission must be stated in the pleading."
The purpose of Civ.R. 10(D) is to provide the defendant with notice of the specific instrument upon which the claim is based. Nycoll CreditUnion, Inc. v. Jurick (May 10, 1991), 11th Dist. No. 90-L-057, quotingMcDonald Community Fed. Credit Union v. Presco (Nov. 9, 1990), 11th Dist. No. 89-T-4241. Here, appellee never objected to the sufficiency of the pleadings and never disputed the content of the contracts. Moreover, the contracts were admitted as evidence at trial. Accordingly, we find that appellee was not prejudiced by the initial omission of the contracts, and that the trial court erred in dismissing Count 1 of appellant's complaint on this basis.
Based on the foregoing, we find that appellant's sole assignment of error is well-taken.
On consideration whereof, we find that substantial justice was not done the party complaining, and the judgment of the Toledo Municipal Court is reversed. The case is remanded for further proceedings consistent with this decision. Court costs are assessed to appellee.
JUDGMENT REVERSED.
Peter M. Handwork, P.J., Mark L. Pietrykowski, J., and Judith Ann Lanzinger, J.
[1] Appellant acknowledged that his claim for relief exceeded the $3,000 jurisdictional limit and that his damages would be capped at this limit.